# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KARL A. RICHARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:12 CV 1504 RWS / DDN |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This action is before the court upon the original and amended petitions of Missouri state prisoner Karl A. Richards for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docs. 1, 5.) The matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends that the petitions for a writ of habeas corpus be denied.

## I. BACKGROUND

On September 15, 2005, a jury in the Circuit Court of St. Louis County found petitioner guilty of robbery in the first degree (Count I), armed criminal action (Count II), attempted robbery in the first degree (Count III), and armed criminal action (Count IV). (Doc. 12, Ex. 4 at 65-68.) On March 26, 2006, the trial court sentenced petitioner to three concurrent terms of imprisonment and one consecutive term of imprisonment, totaling thirty years in the custody of the Missouri Department of Corrections. (Id., Ex. 3 at 17-18; Ex. 4 at 79-81.) On July 17, 2007, the Missouri Court of Appeals affirmed the judgment on direct appeal. (Id., Ex. 7); State v. Richard, 234 S.W.3d 501 (Mo. Ct. App. 2007).

On January 2, 2008, petitioner filed a pro se motion for post-conviction relief in the circuit court under Missouri Supreme Court Rule 29.15. (Doc. 12, Ex. 9 at 23-47.) On July 24, 2008, petitioner, with the assistance of appointed counsel, filed an amended motion for post-conviction relief. (Id. at 5-22.) The circuit court denied petitioner's motion on June 11, 2010,

without an evidentiary hearing.  (Id. at 50-55.)  On August 16, 2011, the Missouri Court of Appeals affirmed the circuit court's denial of the motion.  (Id., Ex. 12.); Richard v. State, 345 S.W.3d 400 (Mo. Ct. App. 2011).

On August 17, 2012, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1.)  On September 24, 2012, petitioner amended his petition.  (Doc. 5.)

## II.  PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF

Petitioner alleges his trial counsel rendered constitutionally ineffective assistance of counsel for failing to call his sister as a witness to provide alibi testimony and evidence of petitioner's gold tooth, a physical characteristic not mentioned in the victims' description of their assailant, when she had been subpoenaed to testify for petitioner.  (Doc. 1 at 9-11; Doc. 5 at 6; Doc. 12, Ex. 9 at 4.)

Respondent contends that petitioner did not file his habeas petition in a timely manner. (Doc. 11.)  Respondent further contends that petitioner's ground is without merit.  (Id.)

## III.  STATUTE OF LIMITATIONS

To obtain federal habeas relief, state prisoners must file their habeas petitions within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On September 15, 2005, the jury found petitioner guilty. (Doc. 12, Ex. 4 at 65-68.) On March 24, 2006, the trial court sentenced petitioner. (Id. at 79-88.) Six days later, on March 30, 2006, petitioner filed a notice of appeal. (Id. at 90-91.) On July 17, 2007, the appellate court affirmed the decision of the trial court. (Id., Ex. 7.) On October 30, 2007, the Supreme Court of Missouri denied petitioner's motion for transfer. (Id., Ex. 8.)

On January 2, 2008, petitioner filed a pro se motion for post-conviction relief. (Id., Ex. 9 at 23-49.) On June 11, 2010, the circuit court denied petitioner's post-conviction claims without an evidentiary hearing. (Id. at 50-55.) Petitioner appealed the ruling on the post-conviction motion on July 19, 2010. (Id. at 60-61.) On September 8, 2011, the appellate court issued its mandate. (Id., Ex. 12.) Three hundred forty-four days later, on August 17, 2012, petitioner filed an unsigned petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Thirty-eight days later, on September 24, 2012, petitioner filed a signed amended petition. (Doc. 5.)

Respondent argues that, because petitioner failed to sign his original habeas petition, he failed to properly file a petition within the statute of limitations. However, the amended petition contains petitioner's signature under the penalty of perjury. (Doc. 5.)

The Federal Rules of Civil Procedure state, "An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Petitioner requests, in each petition, review of the aforementioned decisions of the state courts regarding his motion for post-conviction relief. Therefore, the properly signed amended petition relates back to the date of the original petition.

Three hundred forty-four days not tolled by § 2244(d)(2) elapsed between the final mandate of the appellate court denying petitioner's appeal on his motion for post-conviction relief and the filing of the original unsigned federal habeas petition. Accordingly, petitioner filed his federal habeas petition within the one-year statute of limitations.

## IV. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Given the limitation periods under Missouri law for asserting grounds for relief on direct appeal and in motions for post-conviction relief, no proper Missouri state law procedure for litigating his federal habeas claim now remains available to petitioner. See Mo. Sup. Ct. R. 29.15(b) (post-conviction relief motion must be filed within 90 days after the mandate of the court of appeals affirming the judgment or sentence is filed; or, if no appeal is filed, within 180 days from the date the person is delivered to the Department of Corrections); Mo. Sup. Ct. R. 81.04(a) (10 days to file a notice of appeal after circuit court judgment is final).

Exhaustion, meaning that petitioner now has no remaining procedure for bringing a claim to the state court, does not satisfy the federal statutory requirement. Rather, a petitioner must have fairly presented the substance of each federal ground to the state trial and appellate courts. Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). If he has not done so and has no remaining procedure for doing so, because he has defaulted on the legitimate requirements of the otherwise available procedures, any such ground for federal habeas relief is procedurally barred from being considered by the federal courts. Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011); King v. Kemna, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (concluding that petitioner's failure to present a claim on appeal from a circuit court ruling raises a procedural bar to pursuing the claim in a habeas action in federal court). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. See Murray v. Carrier, 477 U.S. 478, 490-92 (1986).

Petitioner presented his federal habeas corpus ground to the post-conviction motion court and the state appellate court. (Doc. 12, Ex. 9 at 11-13, Ex. 10 at 12-18.) Therefore, petitioner's ground for relief is not procedurally barred.

## V. EVIDENTIARY HEARING

Petitioner also requests an evidentiary hearing to present the testimony of petitioner, trial counsel, and his sister and the records from his conviction, post-conviction motion, and appeals.

(Doc. 1 at 11-12.)  28 U.S.C. § 2254(e)(2) provides that a court shall not hold an evidentiary hearing on a habeas corpus claim unless a petitioner shows that:

> (A) the claim relies on--
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner alleges no claim relying on a new rule of law or a factual predicate that could not have been previously discovered with due diligence.  Accordingly, petitioner's request for an evidentiary hearing should be denied.

## VI.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires that habeas relief may not be granted by a federal court on a claim that has been decided on the merits by a state court unless that adjudication:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if it "arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Thaler v. Haynes, 130 S. Ct. 1171, 1174 (2010) (per curiam) (citation omitted).  This standard is difficult to meet because habeas corpus "is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted).  A state court's decision involves an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing

legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Thaler, 130 S. Ct. at 1174.

A state court's factual findings are presumed to be correct. 28 U.S.C. § 2254(e)(1); Wood v. Allen, 130 S. Ct. 841, 845 (2010). Review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Clear and convincing evidence that factual findings lack evidentiary support is required to grant habeas relief. 28 U.S.C. § 2254(e)(1); Wood, 130 S. Ct. at 845.

## VII. DISCUSSION

Petitioner argues that his trial counsel's failure to call his sister as a witness to provide alibi testimony and evidence of his gold tooth, a physical characteristic which the victims failed to mention in the description of their assailant, violated his constitutional right to effective assistance of counsel.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court determined that the right to effective assistance of counsel arises from the Sixth and Fourteenth Amendments. Under Strickland, a petitioner is entitled to federal habeas corpus relief upon a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686. If there is any reasonable argument that the state court decision is consistent with Strickland, then the state court decision must be left undisturbed. Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012).

Petitioner must prove two elements to prevail on a claim of ineffective assistance of counsel. First, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland, at 687–88. There is a strong presumption that counsel has rendered constitutionally effective assistance. Id. at 690; Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). Counsel's strategic choices made after thorough investigation are virtually unchallengeable. Strickland, 466 U.S. at 690–91. Additionally, decisions following reasonable, but less thorough, investigation are to be upheld to the extent that they are supported by reasonable judgment. Id.

Second, under Strickland the petitioner must demonstrate actual prejudice by counsel's deficient performance. Id. at 687. To show actual prejudice, "the likelihood of a different result must be substantial, not just conceivable." Williams, 695 F.3d at 831.

Although the appellate court disagreed with the reasoning of the post-conviction relief court, the court affirmed the lower court's decision to deny post-conviction relief on other grounds. (Doc. 12, Ex. 12.) The appellate court's review of the underlying trial record revealed that counsel for petitioner had subpoenaed petitioner's sister at her home address and endorsed her as a potential trial witness. (Id. at 3.) The appellate court noted that petitioner alleged that his sister would have testified that petitioner arrived home on the evening of the robbery and did not leave until the next morning, and also that petitioner had a conspicuous gold tooth. (Id.) The appellate court characterized trial counsel's omission of the testimony of petitioner's sister as a matter of trial strategy. (Id. at 4.) The undersigned agrees with petitioner that the appellate court's finding of fact is unsupported by a substantial factual basis that petitioner's trial counsel considered trial strategy and decided not to call petitioner's sister for that reason. Were that the sole basis for the ruling of the Missouri Court of Appeals, petitioner may be entitled to habeas relief. But that is not the case.

The Missouri Court of Appeals also concluded that the putative testimony of petitioner's sister would not have changed the outcome of the trial in light of the three independent positive identifications provided by the two victims. (Id.) This is the second prong of a Strickland claim, i.e. that counsel's alleged action resulted in actual prejudice.

Regarding the prejudice prong, petitioner contends that the state courts did not consider that, during deliberation, the jury sent the trial court a note, stating "What do we do when we don't have a unanimous decision?" (Id., Ex. 4 at 64.) Petitioner argues that the note indicated a narrow decision in spite of the lack of defense witnesses presented by trial counsel and notes that the appellate court did not discuss these details.

Petitioner's burden of establishing actual prejudice on a constitutionally ineffective assistance of counsel claim involves not only the deference due the state court in its predictive judgment about the outcome if the sister's testimony had been offered, but also the application of the reasonableness of the state court's predictive judgment under 28 U.S.C. § 2254(d). Williams, 695 F.3d at 831. In light of the three identifications considered by the appellate court, the undersigned does not find that the state appellate court unreasonably applied the Strickland analysis to decide that counsel's alleged action did not result in actual prejudice.

Accordingly, petitioner's ground is without merit.

## VII.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petitions of Karl A. Richard for a writ of habeas corpus (Docs. 1, 5) be denied.

The parties are advised that they have 14 days to file written objections to the Report and Recommendation.  The failure to file timely written objections may waive the right to appeal issues of fact.


          **/S/   David D. Noce**
**UNITED STATES MAGISTRATE JUDGE**

**Signed on April 29, 2014.**