UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARL A. RICHARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:12 CV 1504 RWS |
| | ) |
| TROY STEELE and, | ) |
| CHRIS KOSTER[1], | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Karl A. Richard's' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge David D. Noce for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). Judge Noce filed his recommendation that Richard's habeas petition should be denied. Richard has filed objections to Judge Noce's report. I have conducted a *de novo* review of Richard's claims and have carefully reviewed the record in this case. Based on that review, I agree with Judge Noce that Richard's petition should be denied.

---

[1] Chris Koster, the Attorney General for the State of Missouri, is a proper party respondent in this matter because Petitioner is challenging present and future sentences in this matter. See Rule 2(b), Rules Governing Section 2254 proceedings in the United States District Courts.

Richard was convicted of first degree robbery, attempted first degree robbery, and two counts of armed criminal action. He was sentenced to three concurrent terms of imprisonment and one consecutive term of imprisonment for a total of thirty years in the custody of the Missouri Department of Corrections.[2] Richard's convictions were based on his robbery of a married couple as they were leaving a wedding reception in a public park between 11:00 p.m. and midnight. The wife identified Richard as the robber in a photo line up. Both the husband and the wife identified Richard as the robber in a live line up and at trial.[3] Richard's defense was based on misidentification by the victims.

Richard asserts one ground for relief in his habeas petition. He alleges that his trial counsel was constitutionally ineffective for failing to call Richard's sister as an alibi witness. Richard claims that his sister would have testified that Richard arrived at their home at 5:30 p.m. on the evening of the robbery and was there until the next morning. She would also have testified that Richard had a noticeable gold tooth that neither of the victims mentioned in describing the perpetrator.

Richard filed a motion for post-conviction review in the state trial court. That court denied Richard's request for relief. The Missouri Court of Appeals

---

[2] I have read the trial court sentencing transcript which reveals that Richard entered a guilty plea to numerous other crimes, including multiple counts of purse snatching and multiple counts of car theft, at the time he was sentenced in this matter. According to the trial judge, Richard was subject to an additional 181 years of imprisonment if he had proceeded to trial on these additional crimes. Instead, Richard received a total sentence of 15 years for these crimes and this sentence runs concurrent to the sentence he received for the crimes at issue in this habeas petition.

[3] In his objections to Judge Noce's report and recommendation, Richard claims Judge Noce incorrectly stated that three witnesses identified Richard as the robber. The report does not make that assertion. It states that the two victims identified Richard three separate times (the wife in a photo line up and the husband and wife in a live line up and at trial). The report states there were "three identifications" of Richard, not that three witnesses identified him.

confirmed the decision of the post-conviction court. The appeals court found that Richard's trial counsel knew of, subpoenaed, and endorsed Richard's sister as a witness. However, Richard's sister did not testify at the trial.

At Richard's sentencing hearing, Richard told the trial court that his sister did not appear at his trial because his case was continued several times and that he was unable to inform his sister of a quickly rescheduled trial setting. More importantly, Richard did not assert at the sentencing hearing that his sister would have provided Richard with an alibi. When the trial judge asked Richard what would be the subject of Richard's sister's testimony, Richard told the trial judge only that he would have called his sister (and brother) to testify he had a prominent gold tooth since he was sixteen years old. [Resp. Ex. 3 at 65-72] The first time Richard asserts that his sister would have provided an alibi is in his post-conviction proceeding. Richard has not pointed to, nor has my review of the record in this matter uncovered, any evidence that would support Richard's claim that his sister would have provided an alibi. The record does not contain any sworn (or unsworn) testimony or affidavit from Richard's sister in support of his claim. The post-conviction court rejected Richard's claim his attorney was constitutionally ineffective for not calling Richard's sister as a witness because the claim was "conclusory and without merit." [Resp. Ex. 9 at 51]

The state court of appeals affirmed the denial of post-conviction relief. One ground for the court of appeal's decision was that Richard's counsel was not

3

constitutionally ineffective because Richard was not prejudiced by his sister's failure to testify about an alleged alibi. The court held that it was not persuaded that "the proposed testimony of Movant's sister would have changed the outcome of Movant's trial given the three independent positive identifications provided by the two witnesses…" [Resp. Ex. 12 at 4]

Richard challenges this ruling by the court of appeals.

*Ineffective assistance of counsel*

To prevail on a claim alleging ineffective assistance of counsel, a defendant must satisfy the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). For a convicted defendant to prove that his counsel was ineffective, the defendant must first show that the counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires the defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. A defendant can demonstrate that counsel's performance was deficient where counsel's performance "'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 522 (2003) (quoting Strickland, 466 U.S. at 688). But "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 690). And "[t]here is a 'strong presumption that counsel's conduct falls within the

wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). If the defendant fails to show that his counsel was deficient, the court need not address the second prong of the Strickland test. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Second, a defendant must demonstrate that the deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Eighth Circuit has described the Strickland test as follows: the questions a court must ask are "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Considered objectively, counsel's performance is gauged by "whether it was reasonable 'under prevailing professional

5

norms' and 'considering all the circumstances.'" Fields, 201 F.3d at 1027 (quoting Strickland, 466 U.S. at 688). "[W]e avoid making judgments based on hindsight." Id. A reviewing court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

A federal district court's power to review state court criminal decisions in a federal habeas corpus proceeding is limited. Harrington v. Richter, 562 U.S. 86, 92 (2011)("Under 28 U.S.C. § 2254(d), the availability of federal habeas relief is limited with respect to claims previously "adjudicated on the merits" in state-court proceedings."). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 102. "[A] determination of a factual issue by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Richard asserts that the post-conviction court of appeals' decision was "based upon an unreasonable determination of the facts in light of the evidence presented …" and that he is entitles to habeas relief under 28 U.S.C. § 2254(d)(2).[4] [Doc # 1,

---

[4] Title 28 U.S.C. § 2254(d) provides: "An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with

6

Pet. At 7-8]

Nothing in the record indicates why Richard's sister was not called as a witness apart from Richard's assertion at his sentencing, and subsequently, that the resetting of his trial was too quick to get hold of his sister to let her know of the new trial setting. There is nothing in the record indicating whether or not Richard's counsel sought additional time from the trial court to contact this witness. In other words, there is nothing in the record to support a claim that Richard's counsel's performance was deficient. Even assuming, however, that Richard's trial counsel's performance was deficient, the state court of appeals found there was no prejudice to Richard in failing to call Richard's sister in light of the positive identifications of Richard by the victims in the case.

That decision is not unreasonable in light of the evidence presented in the case. As a result, I must defer to the state court of appeals' ruling and deny Richard's request for habeas relief.

*Certificate of Appealability*

I have considered whether to issue a certificate of appealability in this matter. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518,

---

respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim– (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Richard has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Noce's report and recommendation is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Karl A. Richard's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2015.